Michael J. McCue (NV Bar No. 6055)
Jonathan W. Fountain (NV Bar No. 10351)
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949‒8200
Facsimile: (702) 949‒8363
MMcCue@LRRLaw.com
JFountain@LRRLaw.com

*Attorneys for Plaintiff*
*Neptune Technologies & Bioresources, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LUHUA BIOMARINE (SHANDONG) CO., LTD.,<br><br>Defendant. | Case No.: 2:15-cv-01911-JCM-CWH<br><br>**ORDER GRANTING PLAINTIFF'S EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Neptune Technologies & Bioresources, Inc. ("Neptune") has moved the Court *ex parte* for an Emergency Temporary Restraining Order, Seizure Order, and Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Patent Act (35 U.S.C. § 283), and Local Rule 7-5.

Neptune alleges that Defendant Luhua Biomarine (Sandong) Co., Ltd. ("Luhua") has manufactured abroad and imported into this District krill oil products sold under the name "ICERUBY™ Krill Oil" that infringe Neptune's asserted patents, and has offered and/or will offer such products for sale in this District during the SupplySide West trade show in Las Vegas, Nevada during the period October 5 through 9, 2015.

Neptune seeks a temporary restraining order to enjoin the sale of those products, as well as an order permitting Neptune to seize infringing products as well as related evidence of such

infringing activity, including records of infringing product sales.

## FINDINGS AND CONCLUSIONS

The Court, having duly considered Neptune's Complaint, emergency motion, and the declarations and exhibits submitted therewith, hereby makes the following findings and conclusions:

1. An order other than an *ex parte* seizure order would not be adequate to achieve the purposes of 35 U.S.C. § 271 because: (a) Luhua is a China-based manufacturer of krill oil; (b) with the exception of its temporary presence in Las Vegas, Nevada, during the SupplySide West trade show from October 5 through 9, 2015, Luhua does not have any known regular place of business or assets in the United States; and (c) there is a significant risk that Luhua will remove from the jurisdiction any evidence of its infringement (including documents in paper and electronic form) if an *ex parte* seizure order is not granted.

2. Neptune has not publicized its application for an *ex parte* temporary restraining and seizure order.

3. Neptune is likely to succeed on the merits of its patent infringement claim under 35 U.S.C. § 271. On October 2, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,278,351 ("the '351 Patent") entitled "NATURAL MARINE SOURCE PHOSPHOLIPIDS COMPRISING POLYUNSATURATED FATTY ACIDS AND THEIR APPLICATIONS." On February 26, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,383,675 ("the '675 patent") entitled "NATURAL MARINE SOURCE PHOSPHOLIPIDS COMPRISING POLYUNSATURATED FATTY ACIDS AND THEIR APPLICATIONS." Neptune is the lawful and sole owner of the '351 and '675 patents by assignment and owns all rights, title and interest in those patents, including all rights needed to bring this action for patent infringement.

4. Luhua has manufactured, imported into the United States, and is currently offering for sale, krill oil products that infringe the '351 and '675 patents at the SupplySide West trade show in Las Vegas, Nevada, which runs from October 5 through 9, 2015.

5. Absent an *ex parte* temporary restraining order and a seizure order, Luhua's

1  manufacture, use, sales, offers to sell, and/or importation into the United States of its infringing
2  krill oil products will result in immediate and irreparable injury to Neptune in the form of:  (a)
3  direct competition with Neptune and Neptune's licensees; (b) lost krill oil revenue; (c) lost
4  market share; (d) price erosion, and (e) harm to Neptune's reputation and goodwill.  Further,
5  because Luhua has no presence in the United States, it may be difficult or impossible for
6  Neptune to enforce a money judgment against Luhua.

7       6.    The evidence of Luhua's unlawful conduct are or may be in Luhua's possession at
8  the SupplySide West trade show and would likely be destroyed, moved, hidden, taken outside of
9  the United States, or otherwise made inaccessible to Neptune if Luhua was to receive notice of
10 Neptune's application for a seizure order or temporary restraining order in advance of service of
11 this Order.

12      7.    The harm to Neptune in denying the requested temporary restraining order and
13 seizure order outweighs the harm to the legitimate interests of Luhua from granting Neptune
14 such relief.

15      8.    The public interest weighs in favor of granting Neptune the requested temporary
16 restraining order and seizure order.

17      9.    Neptune is prepared to deposit $50,000 with the Clerk of the Court as security for
18 payment of any damages Luhua may be entitled to recover as a result of a wrongful seizure or a
19 wrongful attempted seizure.

20 **TEMPORARY RESTRAINING ORDER**

21 **IT IS HEREBY ORDERED** that, pending a decision by the Court on Neptune's
22 application for a preliminary injunction, Luhua, as well as its officers, agents, servants,
23 employees, confederates, and attorneys, (the "Restrained Parties") are hereby temporarily
24 enjoined and restrained from:

25      a.    Manufacturing, using, selling, offering to sell, or importing into the United States,
26 krill oil products that infringe the '351 and '675 patents, including, without limitation, by
27 offering to sell or by selling such products at the SupplySide West trade show in Las Vegas,
28 Nevada during the period of October 5 through 9, 2015; and

  b. Transferring, moving, destroying, or otherwise disposing of: (i) any of Luhua's accused krill oil products; or (ii) any evidence of Luhua's unlawful activities, including, without limitation, any documents in any form or format and any portable media or device (such as CDs, DVDs, flash drives, cell phones, PDAs, hard disk drives, laptop computers, memory cards, etc.), relating to the infringement of the '351 and '675 patents, except in accordance with the below Seizure Order (collectively, "Evidence").

**IT IS HEREBY FURTHER ORDERED**, that upon two (2) business days' written notice to the Court and Neptune's counsel, or as otherwise permitted by leave of Court, Luhua may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order.

### **SEIZURE ORDER**

**IT IS HEREBY ORDERED** that Evidence (as defined above but for clarity including laptops and media that electronically stores documents or any information concerning Luhua's accused krill oil products) shall be seized by the United States Marshals Service assisted by one or more attorneys or representatives of Neptune, at the respective booths rented or occupied by Luhua at the SupplySide West trade show in Las Vegas, Nevada during the period of October 5 through 9, 2015.

The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, brief cases, and containers of any type or nature to locate and identify Evidence to be seized. Attorneys and other representatives of Neptune shall accompany the United States Marshals Service during the seizure to identify the Evidence to be seized. Neptune's counsel shall itemize and take possession of the seized Evidence, provide a copy of the inventory to the United States Marshals Service assisting with the seizure, and file the inventory with the Court. In addition, Neptune's counsel may record the contents of Luhua's booth and Evidence by photographic, audio, and/or videographic means during the seizure action. The United States Marshals Service shall not retain custody of seized Evidence but shall ensure that they are placed in the custody of Neptune's counsel. Neptune agrees to indemnify the United States Marshals Service (including all of its employees, contractors, or agents) who

1  may assist with the seizure and shall hold them harmless from any suit, claim, cause of action,
2  damage, loss, or injury arising from the execution of the seizure described in this Order.

3  **IT IS HEREBY FURTHER ORDERED** that Luhua shall provide any passwords
4  necessary to access any electronically stored documents or electronic devices.

5  **IT IS HEREBY FURTHER ORDERED**, that the Summons, Complaint, Plaintiff's
6  Emergency *Ex Parte* Motion for Temporary Restraining and Seizure Order and for Preliminary
7  Injunction, and all accompanying exhibits, declarations, and papers must be served upon Luhua
8  if found, at the time of the seizure, and by other means reasonably calculated to give Luhua
9  reasonable notice of this action, which shall include email and Federal Express.

10  **IT IS HEREBY FURTHER ORDERED,** that Neptune shall deposit with the Clerk of
11  the Court the amount of FIFTY THOUSAND UNITED STATES DOLLARS ($50,000) to serve
12  as sufficient security for the payment of any damages Luhua may be entitled to recover as a
13  result of a wrongful seizure or a wrongful attempted seizure.  To the extent Luhua believes that
14  additional security is necessary pursuant to Rule 65(c) of the Federal Rules of Civil Procedure,
15  Luhua, shall so move the Court and shall provide notice to Neptune's counsel of such motion.

16  **IT IS HEREBY FURTHER ORDERED,** that a preliminary injunction hearing is set for
17  **October 20, 2015, at 11:00 a.m.** in Courtroom 6A , before the
18  Honorable James C. Mahan, United States District Judge.

19  Luhua shall file and serve any opposition to Neptune's motion for a preliminary
20  injunction on or before October 13 , 2015; and

21  Neptune shall file and serve any reply in support of its motion for a preliminary
22  injunction on or before October 15 , 2015.

_____
**UNITED STATES DISTRICT JUDGE**

Entered October 7, 2015, at 11:30 a.m.

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169